OPINION OF THE COURT
Joseph Gerace, J.
Plaintiff obtained a judgment of foreclosure in this action in 1997. In February 1998, after plaintiff purchased the property at a foreclosure sale, an order was granted directing the Sheriff to put plaintiff into possession of the premises. Plaintiff now seeks to discontinue its long-completed action and to nullify the Referee’s deed granting it ownership of the property.
*557 The notice of motion recites that the grounds for this motion are that “the matter has been settled.” This is, in fact, untrue. The supporting affirmation recites that “ [subsequent to the aforementioned sale and transfer, Plaintiff has discovered that the property has significantly diminished in value and thus thwarts any and all hope of even nominal recovery of the mortgage debt through resale of the mortgaged property.” The affirmation then contends that “no party will be prejudiced should the within relief be granted.”
The court disagrees. After some three years of litigation, the court system itself would be prejudiced by plaintiff now simply deciding that it has changed its mind. In addition, the Town where this purportedly worthless property is located would be prejudiced, as the property would undoubtedly end up in tax foreclosure. Plaintiff, in fact, has not demonstrated whether or not it has kept up the tax payments during the period of its ownership of the property. The defendants, presumably long ago resigned to the loss of this property, would now find it dumped back in their laps, after it has “significantly diminished in value.”
Plaintiff has not submitted any legal authority that would justify granting the requested relief. The motion is denied.